[PHILADELPHIA, JANUARY 12, 1835.]

HANNAH DOWNING, who survived SARAH DOWNING, plaintiff in error, *against* DANIEL FUNK, defendant in error.

**IN ERROR.**

Evidence of a promise to pay in consideration that the plaintiff would wait, forbear, or give time, indefinitely or for a reasonable time at the instance and request of the defendant, will maintain an action against the promiser.

A stipulation to pay on terms no more definite than waiting or forbearing for a time or giving time, or a longer time, will not entitle the plaintiff to recover.

THE defendant in error who was plaintiff below, brought this action to recover on an alleged parol promise made by the plaintiff in error to pay the debt of her brother.

The declaration contained two counts.

The first count stated in substance, that whereas one *Israel Downing* at the time of the making of the promise and undertaking of the said *Hannah* and *Sarah* hereinafter mentioned, was indebted to the said *Daniel Funk* in the sum of one hundred and thirty-one dollars and eighty-seven cents, and thereupon afterwards, &c. " in consideration of the premises, and that the said *Daniel Funk* at the special instance and request of the said *Hannah* and *Sarah*, would forbear and give time to the said *Israel* for the payment of the said sum of one hundred and thirty-one dollars and eighty-seven cents, they the said *Hannah* and *Sarah* undertook, and then and there faithfully promised the said *Daniel* to pay him the said sum of one hundred and thirty one-dollars and eighty-seven cents, when they the said *Hannah* and *Sarah* should be thereunto afterwards requested."

Averment, that the said *Daniel* confiding in the said promise and undertaking did forbear and give time to the said *Israel* for the payment of the sum of one hundred and thirty one dollars and eighty seven cents for a reasonable time to wit, from the 30th day of September in the year last aforesaid, till the 30th day of March, 1830, and hitherto hath altogether forborne and given time, &c.

Second Count: Whereas also afterwards &c. one *Israel Downing* being then and there indebted to the said *Daniel Funk* in the sum of one hundred and thirty-one dollars and eighty-seven cents in consideration of the premises, and that the said *Daniel Funk* at the special instance and request of the said *Hannah* and *Sarah*, would forbear and give time, to the said *Israel*, for the payment of the said

sum of one hundred and thirty-one dollars and eighty-seven cents, they the said *Hannah* and *Sarah* undertook and promised to pay the said *Daniel* when they should be thereunto requested.

Averment, that the said *Daniel* confiding in the said promise and undertaking, did forbear, and give time, and hath hitherto altogether forborne and given time to the said *Israel* for the payment of the said sum, &c.

The plaintiff relied on the testimony contained in two depositions; one of *Joel Funk* his brother, and the other of *Jesse Cook* his agent, to sustain his cause of action.

*Joel Funk* of the county of Champaign, Ohio, being examined on behalf of the plaintiff deposed, that in September, 1828, in conversation with *Hannah Downing* and *Sarah Downing*, they said that if *Daniel Funk* (plaintiff,) would give time, they would see an account paid that deponent then presented to them: and in answer to the third interrogatory, he said, that in September, 1828, he called at the dwelling of *Hannah Downing* and *Sarah Downing* with a bill against *Israel Downing*, in favour of plaintiff. The amount of said bill was about one hundred and thirty dollars. After making known his business, *Hannah Downing* withdrew for a short time, and when she returned, said *Israel Downing* was sick and could not be seen; and also said, he, *Israel*, appeared sorry he could not then discharge the bill. Then *Sarah Downing* said she had assumed the payment of a bill from *David Cook* against *Israel Downing*, and would also pay this if longer time would be given. Deponent requested her to give her obligation for the amount of the bill presented, which she refused to do. *Hannah Downing* said that *Sarah Downing's* word could be relied on, and that she *Hannah Downing* would vouch for the payment if time was given.

The conversation referred to, took place on the first floor of the dwelling of *Hannah* and *Sarah Downing*. Deponent did not know where *Israel Downing* was, but was told that he was sick and in bed.

In answer to the first cross-interrogatory, he said, he had seen *Hannah Downing* one of the defendants twice. The first time in September 1828. The second time in the summer of 1829.

In answer to the third cross-interrogatory, he said, he called upon defendants with a bill, as stated in answer to third interrogatory, in favour of plaintiff; saw both the defendants at that time; saw them together, except when *Hannah Downing* withdrew, as stated in answer to the third interrogatory. They were in the same apartment and on the first floor of the house.

In answer to the fourth interrogatory, he said, he had a conver-

· sation with the defendants relative to the bill in the third interrogatory, and would refer to the answer to that interrogatory for the substance of the conversation as near as could be recollected. *Isaac Downing* was present part of the time, and he thought heard some part of the conversation.

· Deposition of *Jesse Cook*, taken in Adams county, Pennsylvania, states, " that he knows the parties in the foregoing action—that *Daniel Funk* informed this affirmant of a claim that he the said *Daniel* held against *Israel Downing*, and requested this affirmant to call on Mr. *Downing* for the amount of the demand. He called sometime in the summer of 1829, and not seeing Mr. *Downing*, and on informing *Hannah* and *Israel Downing's* mother of the claim that the said *Funk* held against *Israel Downing*, they the said *Hannah* and *Sarah* said, provided the said *Daniel Funk* would wait he should be paid, as they would pay him ; that they believed Mr. *Funk's* claim against *Israel Downing* to be just."

Evidence was given on the part of the defendant to discredit the testimony of the plaintiff's two witnesses, and some rebutting testimony was also produced on the part of the plaintiff. None of this evidence however is material to the point now in controversy.

The defendant's counsel requested the court to instruct the jury on the following points.

1. Definiteness and certainty, as opposed to the vague and general, are necessary in the terms of every consideration.

2. A stipulation to forbear to sue for a time, for some time, or for a longer time, is insufficient, as a consideration of a contract to pay the debt of another.

3. If therefore there is no evidence in this case of a stipulation on the part of *Hannah* to pay the debt in question, upon more certain and definite terms, than waiting or forbearing for a time, or giving time, or some time, or a longer time, the plaintiff is not entitled to recover.

4. Neither the testimony of *Jesse Cook* nor of *Joel Funk* supplies the definiteness and certainty necessary in such cases. ·

5. The plaintiff having declared upon a joint contract cannot recover by proof of a several one, and there is no evidence to support the allegation of a joint contract, except that of *Jesse Cook.* If the jury therefore doubt the correctness of his testimony, the plaintiff is not entitled to recover.

. 6. The averments in the declaration are not supported by any evidence in the case.

The Court charged as follows :
Having stated to the Jury, that the consideration for the promise of the defendants as stated in the declaration was, that *Israel Downing* being indebted to *Funk*, in consideration that he, at

(Downing *v*. Funk.)

the instance of *Sarah* and *Hannah Downing*, would forbear and give time to *Israel*, they would pay; and that he did forbear and give time as stated in the declaration was a good consideration, well laid, and if proved the plaintiff was entitled to recover: that it need not be proved in the terms or words laid, but that it was sufficient if substantially proved; that if, at the instance of the defendants, he would wait, forbear and give time to *Israel*, thereby absolutely suspending his right to sue *Israel* for a time certain, or for a reasonable time, or indefinitely, and thus subjecting to loss, delay or disadvantage, in consideration of which the defendant promised to pay the debt, and that he did so wait for a time alleged or for a reasonable time; such a state of things substantially proved to the satisfaction of the jury, would make out the plaintiff's case and entitle him to recover; the court then referred to the points of the defendants as follows:—

The first two propositions are true, and as general principles are applicable to all cases of this kind, but are chiefly applicable to the pleadings.

The third proposition is predicated upon the supposition that there is no evidence in this case of a stipulation on the part of *Hannah Downing* to pay the debt in question upon more certain or definite terms, than waiting or forbearing for a time, or some time, or a longer time, in which case the plaintiff would not be entitled to recover. But I have already said that there is a sufficient cause of action laid before you in the declaration, a forbearance for a reasonable time, or a time certain or indefinite, and as there is evidence fairly before you, from the consideration of which it is your duty to determine whether the cause of action is substantially proved —this proposition cannot be affirmed as stated.

It is for you to say whether the parol evidence by *Jesse Cook* or *Joel Funk*, or either of them substantially proves the contract stated in the declaration and thus supplies " all the definiteness and certainty required in such cases."

The plaintiff having declared upon a joint contract cannot recover by proof of a several one. But I cannot say there is no evidence to support the allegations of a joint contract except that of *Jesse Cook*. The whole deposition of *Joel Funk* is before you, and from it also you are to judge whether a joint or several contract is proved: all the evidence is before you, and from it you are to judge whether the contract is proved substantially as laid.

There is evidence before you in support of the averment in the declaration. I cannot say there is no evidence.

Assignment and specification of errors.

1st. The court erred in not laying down the law as requested in writing by the counsel for the defendant below, on the points submitted by him.

(Downing *v.* Funk.)

2d. The court erred in their charge to the jury upon those points.

3d. The court erred in charging the jury that the promise given in evidence, would, in point of law, bind the defendant below.

4th. The plaintiff in error assigns the general errors.

It was argued by *Lewis* for the plaintiff in error, who cited 2 *Stark. Ev.* 45.　3 *Penn. Rep.* 285.　1 *Watts,* 434.

*Dillingham, contra,* referred to *Cro. Jac.* 683.　4 *Wash. C. C. R.* 151.　*Com. Dig. act. ass. B.* 1, 298.　4 *Johns.* 237.　2 *Binn.* 506. 5 *Serg. & Rawle,* 519.　1 *Penns. Rep.* 383.

*Tilghman* argued in reply.

The opinion of the Court was delivered by

GIBSON, C. J.—Some of the principles discussed here, are not embraced by the assignment of errors; and as they have recently been settled in *Clarke* v. *Russel* at the last term for the Western District, I shall consider but the points immediately raised on the record. These arise not so much out of principles, as their application to the evidence. The consideration laid in the first count, is forbearance for a reasonable time; and in the second, for an indefinite time. To maintain these allegations, the testimony of two witnesses was adduced; the first of whom proved a promise to pay if the plaintiff ' would give time,' and, in a subsequent part of his examination a promise to pay if ' longer time' were given. In common parlance the words longer time are as indefinite as the word time without an adjunct; and they are equivalent to it in strict meaning, the adjunct being redundant. The other witness testified to a promise to ' wait,' without any adjunct whatever. The popular sense of this last word, when used nakedly and in reference to a debt, is precisely that of the word forbear, which, when unqualified by terms of restriction, has regard to a general forbearance. To the first prayer for a direction that definiteness and certainty, as opposed to the vague and the general, are necessary in the terms of any consideration, the Judge responded in substance, that a promise to pay in consideration that the plaintiff would wait, forbear, or give time, indefinitely or for a reasonable time, at the instance and request of the defendant, would maintain the declaration. There certainly was no error in that; and the application of the principle he left on the evidence, to the proper judges of the meaning of the words. He went further, and intimated that a suspension of the right to sue the original debtor, ought to be an ingredient in the consideration—a position not sustained in *Clarke* v. *Russel,* as proper to be taken unless where the defendant's promise, and not performance of it, is relied on as the consideration. He undoubtedly went as far in the defendant's favour, without trenching on the province of the jury, as the facts would permit.

(Downing *v.* Funk.)

The counsel prayed a further direction; that a stipulation to pay on terms no more definite than waiting or forbearing for a time, or giving time, or a longer time, would not entitle the plaintiff to recover; and that the testimony of the two witnesses did not supply the certainty necessary in such a case. The abstract proposition, thus put, was affirmed; and its dependence on the evidence for matter of fact, was properly left to the jury. It is to be remarked *that nothing was said* by the witnesses about waiting for *a* time, or giving *some* time; and that but one of them spoke of a proposal to give *longer* time. The same witness, however, testified in another part of his examination, that it was to give time generally; and the other witness, instead of the words 'give time,' used the word 'wait' which has in country parlance, the same signification. There was evidence therefore on which the jury *might* find a promise in consideration of forbearance which was determined in *Hamaker* v. *Eberly,* 2 *Binney* 510, to be equivalent to *general* forbearance; and as it does not seem to have been a point of defence at the trial, that the forbearance was not in fact at the instance and request of the defendants, we cannot entertain an objection on that ground here. The residue of the prayer—to say whether there was evidence of a joint promise—was properly denied, as one of the witnesses asserted it positively, and the other less pointedly; after which the matter became a question exclusively for the jury.

Judgment affirmed.