## Caldwell *against* Heitshu.

The issuing of a writ of summons, although returned not served, is a suit brought; and would release the guarantor of a bond who had stipulated in consideration of total forbearance.

"Further forbearance" as the consideration of a guaranty is construed to mean forbearance for a convenient or reasonable time, taking into view in its computation as one element the period which had theretofore been permitted to elapse without enforcing payment; and what is a reasonable or convenient time the court must determine.

ERROR to the District Court of *Lancaster* county.

This was an action of debt by Philip Heitshu against Andrew Caldwell, founded upon the guaranty of a bond. The plaintiff gave in evidence a bond of John Caldwell, Henry A. Carpenter and Thomas B. Burrows, to Philip Heitshu, dated the 25th April 1834, in the penalty of $6000, conditioned for the payment of $3000 on the 1st April 1835, with interest; and the interest had been paid up to the 1st April 1837. On that day the following endorsement was made on the bond and signed by Andrew Caldwell:

"I, Andrew Caldwell, of Leacock township, in Lancaster county, farmer, in consideration of further forbearance, do hereby guaranty the payment of the within bond to the obligee thereof. In witness whereof I have hereunto set my hand and seal this 1st day of April 1837."

The suit was brought upon this guaranty to June Term 1844. Henry A. Carpenter and Thomas B. Burrows were sureties in the bond, and it appeared that to June Term 1842 suit had been brought against Henry A. Carpenter on the bond which was subsequently tried and verdict rendered for the defendant on the ground that the sureties were discharged by the agreement of the plaintiff to forbear suit as stipulated for in the above guaranty. It also appeared that to June Term 1842, a writ of summons was issued on the same bond against John Caldwell, which was returned by the sheriff "not served." It was also proved that Thomas B. Burrows' estate was solvent and able to pay.

The defendant requested the charge of the court on the following points:

1. The contract of the defendant was, that if all the obligors mentioned in the bond were unable and refused to pay the amount of the bond, he was liable.

2. No demand was ever made, and no attempt made to recover the money in dispute from Thomas B. Burrows; and it being

[Caldwell v. Heitshu.]

proved that he was able to pay this bond, Andrew Caldwell cannot be made to pay.

3. By a forbearance in general, without adding any particular time, is to be understood a total forbearance; and the original debtor having been sued, defendant is not liable to pay it.

4. Any act of Philip Heitshu the plaintiff, in reference to the sureties in the bond, that would work a discharge as to them, cannot affect the defendant, or alter the nature of the guaranty.

In answer to which the court thus instructed the jury:

HAYES, (President).—1. The contract has been read to you, as it is endorsed upon the bond. It is, in effect, that if Philip Heitshu would further forbear to sue this bond, Andrew Caldwell guaranteed its payment. The forbearance was granted to John Caldwell, by reason of which the other obligors in the bond who were sureties, were discharged. John Caldwell has become a bankrupt; and Andrew Caldwell is bound by his guaranty to pay.

2. This does not excuse the defendant, or defeat the plaintiff's claim by the contract of guaranty.

3. John Caldwell, the original debtor, was not sued; a writ was issued, but not served; and the defendant's liability is not affected by that supposed fact.

4. If the taking of the guaranty in question prevented Philip Heitshu from recovering against the sureties, as it did, the defendant was affected by this consequence of Philip Heitshu's and his own act, in the matter of guaranty, so as to make him liable upon his contract according to its terms.

*N. Ellmaker*, for plaintiff in error, cited 3 *P. R.* 19; 3 *Kent Com.* 120; 2 *Watts* 128; 6 *Watts & Serg.* 70; 5 *Ibid.* 21; 3 *Watts* 213.

*Reigart*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The defendant's undertaking was, in effect, for the payment of the bond by the principal obligor, Andrew Caldwell, and it is not necessary to show an endeavour to collect it from the sureties. Indeed, that it could not be collected from them, but that they were discharged by the forbearance stipulated, was decided by this court at the last term in a suit brought by the present plaintiff against Carpenter. It would, therefore, have been useless to attempt to recover from Burrows, the other surety, who stood on the same footing as Carpenter.

The only question which it becomes necessary to consider seems to be, whether the suit brought by the plaintiff against John Caldwell, the principal obligor, to June Term 1842, was a violation of the plaintiff's contract of forbearance, so as to discharge the present defendant from his undertaking of the 1st April 1837.

[Caldwell v. Heitshu.]

For I cannot agree with the court below, that John Caldwell, the original debtor, was not sued, though a writ was issued which was returned not served.  A writ issued and returned by the sheriff, and in addition a declaration filed *de bene esse*, ought properly to be deemed the bringing of an action, which is defined to be a lawful demand of one's right.  The defendant might have come in under this process and appeared, and the action might, in that case, have proceeded without a new writ.  A *capias* taken out and returned *non est inventus*, saves the bar of the Statute of Limitations, if it be properly continued down.  If, therefore, the agreement is to be construed as a stipulation for total forbearance, it was broken; but if, on the other hand, it was for a forbearance for a reasonable or convenient time, the result may be different.

The principles of law on this head have been settled in a variety of cases, ancient and modern.  It is not necessary that the forbearance, to be a sufficient consideration, should extend to an entire discharge of proceedings.  Forbearance to sue for a little time, or for some time, is not sufficient; but forbearance for a limited period, with power to continue it if the debt be not then paid, is sufficient.  Where the declaration stated the consideration to be an agreement for forbearance, (not showing for what time), and there was an averment that the plaintiff forbore for a long time, it was held, on motion in arrest of judgment, to be sufficient; for it shall be intended that the plaintiff agreed to forbear for a convenient or reasonable time, and that is a sufficient consideration.  *Leigh's N. P.* 32; *Mapes v. Sydney,* (*Cro. Jas.* 683).  Chief Justice HOBART, in this case, held that the plaintiff was not bound (by his agreement) to forbear totally.  He denied that upon this agreement he is chargeable in assumpsit, if he, after the debt recovered from the defendant, should sue for the same debt; for it is not a promise to restrain him totally; and without express words he is not chargeable by promise.  Wherefore it was adjudged for the plaintiff.  So in the case before us, a deliberate agreement reduced to writing and under seal, for a further forbearance, shall be intended, in the absence of any reason to the contrary, to be for a convenient or reasonable time, taking into view in its computation as one element, the period heretofore permitted by the plaintiff to elapse without enforcing payment.  And what is a reasonable or convenient time the judges are to determine. 1 *Com. Dig.* 186; 6 *Com. Dig.* 322; *Mo.* 854; 1 *Rol.* 26; 3 *Bulst.* 207; 1 *Sid.* 45; *Hob.* 216; *Cro. Eliz.* 387; 1 *P. R.* 185; 4 *Wash. C. C.* 148; 5 *Rawle* 69; 3 *Watts & Serg.* 420; 2 *Binn.* 509.

The bond had become due on the 1st April 1835.  The interest had been paid up to that date, and to the 1st April 1836 and 1837, in the month of March in each year, without exacting the principal.  But about the time of this guaranty, the plaintiff became dissatisfied and asked payment, rather, it would seem, with a view to obtain other security.  This the defendant gave in consideration

[Caldwell v. Heitshu.]

of further forbearance—not, as I consider it, a total and perpetual forbearance — a discharge or release of the principal obligor, but waiting a further time, a longer period; and the plaintiff could not have sued on the next day, but was bound to give what ought to be deemed a reasonable time under existing circumstances. If there were no danger or risk of loss, a time equivalent to that elapsed; if the circumstances of the parties should alter, less might be deemed so; after which the plaintiff might sue the principal obligor. The plaintiff did not sue him for more than five years, and therefore did not, we think, violate the stipulation.

Judgment affirmed.