### KEAN *v.* McKINSEY.

1. A promise to pay a judgment, if the plaintiff would not proceed further, is a promise in consideration of general forbearance, and on a loss ensuing the guarantor is liable.
2. The judgment is conclusive against the guarantor as a party.
3. A guarantee without the request of the debtor is without consideration as to him.

ERROR to a special Court of Common Pleas for Crawford county.

Kean having recovered judgment before a justice against Frazier, proved that defendant promised to pay the debt—"told him to get a judgment against Frazier, but to do no more in it." Plaintiff informed him he had obtained one; he answered, "that is right, do no more in it, but I will see you paid." He also proved he might have levied on property of Frazier.

Defendant proved by Frazier that the debt for which judgment had been obtained was not due, having been paid before that suit was commenced.

Plaintiff objected on the score of interest; but the court said it did not appear the assumption was at Frazier's request.

The court left the question of the existence of the original debt to the jury.

*Riddle,* for plaintiff in error, cited 6 Watts, 398; 4 Rawle, 273; 1 Pet. C. C. R. 202; 10 Watts, 101; 3 Watts, 217; 5 Rawle, 69.

*Dennison* and *Pearson,* contrà.

ROGERS, J.—There is no valid objection to the competency of James Frazier as a witness, for if the defendants agreed to answer for his default, it was a contract entered into voluntarily and without request. It cannot, therefore, form the ground-work of a suit; for it is well settled, that a voluntary payment or engagement to pay the debt of another, gives no right of action against the original debtor. But the exception to the subject-matter of his testimony stands on a different footing. The witness was admitted to prove that the judgment rendered against him was obtained by fraud; that there was nothing due when rendered. But so far as respects the defendant, who agreed to pay it, it is conclusive. It is so against Frazier, and why it should not be so against McKinsey, who voluntarily makes himself privy to it, it is difficult to understand. Suppose a man becomes surety for stay of execution in a judgment obtained either by default or by verdict of a jury, can it be that it is permitted to the surety to go behind the

judgment and show that the judgment was improperly obtained, and that there was nothing due! If this is allowed, nothing will be settled; for after the most tedious and protracted trial between the original parties, every thing will be opened, and the plaintiff will again be compelled to sustain his claim. There is no principle better settled than that the validity of a judgment cannot be impeached in a collateral action. A verdict and judgment between the same parties, or their privies, is conclusive. 3 Rawle, 273; 6 Watts, 398, Farly *v.* Hays. Third parties, it is true, who have no other mode of rescinding or setting aside a judgment, may aver that it was obtained or kept in fact by *collusion between the parties,* and in such case, although binding between the parties, as to others it is of no effect. But here there is no averment of collusion between Frazier and the plaintiff to defraud the defendant. The defence is, that the plaintiff improperly obtained a judgment against Frazier, when, in fact, there was nothing due. Of this no person has a right to complain except Frazier himself; and it is not competent for any person, whether stranger or privy in a collateral suit, to re-investigate the original cause of action, or to examine into the regularity of the judgment. As long as it remains a valid judgment it cannot be questioned by others, except there is collusion between the original parties, as, for example, where there is a combination to defraud creditors. There is no doubt it is competent for the defendant to prove (if he can) that the debt has been subsequently paid, and that the judgment is kept on foot by fraud or by mistake. The gravamen of the plaintiff's action is a promise to pay the debt of another in consideration of forbearance, that the plaintiff did forbear, whereby he lost the chance of levying his debt on property then owned by Frazier. A promise to forbear generally, without specifying any time, is a sufficient consideration; for, by a forbearance in general, without adding any particular time, is to be understood a general forbearance. Evidence of a promise to pay in consideration that the plaintiff would wait, forbear, or give time indefinitely, or for a reasonable time, at the instance and request of the defendant, will maintain an action against the promisor. And when the plaintiff is requested to forbear, and a promise made to pay the debt, and he does forbear, it is such evidence as will maintain the suit. 3 Watts, 213; Clark *v.* Russell, 5 Rawle, 69.

Judgment reversed, and a venire de novo awarded.