## PARTNERSHIP NAMES.

[Hamilton Circuit Court.]

### M. DOOB & BRO. v. LOVELL MANUFACTURING CO.

FICTITIOUS NAMES IN PARTNERSHIPS.

Two brothers doing business as Mr. Doob & Brother, must register under th statute relating to the use of fictitious names in partnerships.

HEARD ON ERROR.

*Clement Bates*, for plaintiffs in error.

*Wilson & Herrlinger*, contra.

Judgment of court of common pleas affirmed without report. For opinion in the court below, which was by Judge Hollister, see 4 Dec. 189 (3 N. P. 169), the holding being that two brothers, named Doob, doing business as M. Doob & Brother, must register under the statute relating to the use of fictitious names in partnerships.

---

## INSOLVENCY—COURTS.

[Hamilton Circuit Court.]

### CUNNINGHAM, EXR., v. JACKSON ET AL.

JURISDICTION TO SELL REAL ESTATE ASSIGNED FOR CREDITORS.

The probate court alone has jurisdiction to administer and sell mortgaged real estate after an assignment thereof for the benefit of creditors.

*C. W. Baker*, for plaintiff.

*Channing W. Richards*, contra.

MOTION for judgment on the pleadings.

The plaintiff sued on notes and for foreclosure of mortgage on realty. Before the case came to a hearing the defendant made an assignment for the benefit of her creditors. Thereupon Judge Jelke, in the common pleas, granted a decree finding that there was due the plaintiff $2,271.66, and to Ella C. Bell, a party defendant, the sum of $1,158.67, and that these amounts are respectively first and second liens on the same property, and further that this defendant had assigned all her property including this real estate to Channing W. Richards for the benefit of her creditors, and ordering the said Richards to allow these claims in the settlement of his trust.

From this an appeal was taken.

SWING, J.

Upon the authority of Sayler v. Simpson, 45 Ohio St., 141, 147 [12 N. E. Rep. 181]; Barr v. Chapman, 3 Circ. Dec. 36 (5 R. 74), and Callahan v. Ice & Refrigerating Co., 7 Circ. Dec. 349 (13 R. 479), we are of the opinion that when the assignment was made the right to administer and sell the real estate in controversy was vested exclusively in the probate court, and this court will not therefore order a sale of the real estate. The same judgment should be entered in this court as was entered in the court of common pleas.