## Thompson, Appellant *v.* Hazelwood Savings & Trust Company.

*Banks and banking—Deposit on notice—Deposit book—Regulations as to withdrawal—Deposit as collateral for note.*

1. A printed regulation in a deposit book issued by a bank that the deposit could only be withdrawn upon four months' notice, does not constitute a contract that under any and all circumstances the deposit would be paid back upon four months notice. Thus the bank may show that when the deposit was made and accepted there was a contemporaneous agreement that the depositor would leave the whole of the deposit remain in the bank until the note of a corporation of which he was president was paid in full. If in an action to recover such deposit after four months notice, the bank shows by the clear, precise and indubitable evidence of two witnesses that such a contemporaneous agreement was made at the time of the deposit, a verdict and judgment for the bank will be sustained.

2. The agreement that the deposit should remain amounted to a pledge of the plaintiff's money, and gave the bank a lien thereon until the note should be paid in full. There was sufficient consideration to support the depositor's promise, and the oral agreement was not within the statute of frauds; nor was the agreement void because of uncertainty in its terms. The note was for a fixed period, and the agreement was that the deposit should remain until the note was paid in full.

Argued, Nov. 1, 1911. Appeal, No. 226, Oct. T., 1911, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1908, No. 14, on verdict for defendant in case of Frank T. Thompson v. Hazelwood Savings & Trust Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

*Assumpsit* to recover the amount of a deposit. Before SWEARINGEN, P. J.

The facts are stated in the opinion of the Supreme Court.

Plaintiff presented the following points:

1. The agreement that defendant alleges the plaintiff, Thompson, made on October 15th, 1907, when he made the $10,000 deposit, viz., that he would leave it in the Trust Company in the savings department until the note of the Pennsylvania Bed Co. was paid, is an agreement to answer for the default of another, and under the law, is required to be evidenced by writing, and cannot be proved by good oath. There is no evidence in writing of this agreement. There is no legal proof of this agreement, and the verdict must, therefore, be for the plaintiff.

"Answer. Refused. (3)

"2. Under all the evidence the verdict must be for the plaintiff.

"Answer. Refused." (4)

The court charged in part as follows:

["The contention is—and there is where the dispute is too—that the deposit was made upon terms different from those set forth in the bank book, which was delivered to the plaintiff, namely, the defendant's contention is that he made that deposit upon the oral promise given at the time of the deposit was made, that the money should remain in the bank or Trust Company until that note was paid. And that is the question for you to determine in this case. Upon your determination of that question your verdict will be, whether in favor of the plaintiff or in favor of the defendant."] (10)

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (3, 4, 10) above instructions quoting them.

*John P. Hunter*, with him *Walter Lyon*, *G. C. Lewis* and *R. H. Jackson*, for appellant.—The parol proof was inadmissible. Martin v. Berens, 67 Pa. 459; Homewood People's Bank v. Heckert, 207 Pa. 231; Krueger v. Nicola, 205 Pa. 38.

There was no consideration moving to the plaintiff for the alleged contract set up by defendant. The deposit was not as collateral, and is void for lack of completeness.

Such a contract is tantamount to the agreement that the deposit is to be left forever, and such agreement is, we submit, wholly void: Sherman v. Kitsmiller, 17 S. & R. 45; Eldred v. Hazlett, 38 Pa. 16; Purves's Est., 196 Pa. 438.

*John C. Bane,* with him *S. Harvey Thompson,* for appellee.—Defendant had a right to show the contemporaneous agreement: Clinch Valley Coal & Iron Co. v. Willing, 180 Pa. 165; Keller v. Cohen, 217 Pa. 522; Gandy v. Weckerly, 220 Pa. 285; Faux v. Fitler, 223 Pa. 568.

A parol contract is sufficient to support a pledge of personal property: Malone's Est., 13 Phila. 313; Bannon v. Bank, 14 Pa. Superior Ct. 566; Licey v. Licey, 7 Pa. 251.

There was sufficient consideration to support the plaintiff's promise: Muirhead v. Kirkpatrick, 21 Pa. 237; Downing v. Funk, 5 Rawle 69; Kean v. McKinsey, 2 Pa. 30; Hesser v. Steiner, 5 W. & S. 476.

The plaintiff's promise is wholly outside the provisions of the statute of frauds: Leonard v. Vredenburgh, 8 Johns (N. Y.) 29; Nugent v. Wolfe, 111 Pa. 471.

The contract was sufficiently complete: Davis v. Funk, 39 Pa. 243; Sitgreaves v. Farmers & Mechanics Bank, 49 Pa. 359; Philadelphia Bank v. Aldridge, 5 Phila. 446; Smith v. Coale, 12 Phila. 177.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1912:

On October 15, 1907, the plaintiff deposited the sum of ten thousand dollars with the defendant company, and received the ordinary bank book containing its rules and regulations, one of which was: "Deposits made in this savings and trust company can only be withdrawn

on notice being given to the treasurer as follows: If the sum proposed to be drawn be......any sum over $1,500, four months notice." On February 12, 1908, the plaintiff gave the required notice of his intention to withdraw the deposit, but the defendant refused payment upon the ground that the plaintiff had agreed that the money should not be withdrawn until a certain note of a third party, discounted by the defendant company, and renewed at the instance of the plaintiff, had been taken up. Whereupon the plaintiff brought this suit in assumpsit.

At the trial the defense showed that the plaintiff was president, stockholder, and creditor of the Pennsylvania Bed Co.; that the defendant had discounted the latter's note for $10,000; that it had become dissatisfied with the collateral and demanded payment; that on October 16, 1907, the plaintiff called at the defendant's office and proposed that, if it would renew the note of the Bed Company, he would deposit with the defendant company $10,000 in cash; that this offer was declined, and the plaintiff was asked why if he had that much money, he did not pay the note himself; to which he replied, "They already owe me a good deal of money," adding that the Bed Company would pay the defendant "when they would not pay him, because he was a stockholder and the president of the company;" the plaintiff then made this offer, "If you will renew the Pennsylvania Bed Company's note for three months, I will make you out a check for the interest and I will deposit $10,000 in the savings account and agree to leave it here until the note is paid in full;" to which the defendant replied that it would accept the deposit and renew the note upon that understanding, "and no other way;" the deposit was accordingly made and the note renewed. The trial judge charged, "If the defendant has satisfied you by clear, precise and indubitable evidence, not by one witness only, but by two witnesses or more, that the plaintiff, when he made the deposit, agreed that

it should remain in that bank until the note of the Pennsylvania Bed Company was paid, then you should find a verdict for the defendant. * * * If, on the other hand, you are satisfied the plaintiff did not make any such contract, or if the defendant has not satisfied you by the measure of proof which I have given you, then you should find a verdict in favor of the plaintiff." The verdict was for the defendant.

The plaintiff has appealed and contends that where a pass book is issued showing a deposit and containing regulations as to withdrawals, it cannot be proved "by parol evidence that such deposit was not to be withdrawn in accordance with such rules," nor can it be shown that the deposit "was not to be withdrawn until the note of a third person was paid;" that such proofs would not "constitute a defense to an action brought for such deposit after due notice of withdrawal;" that such a parol agreement would be "a violation of the Statute of Frauds;" and that it would not "constitute such deposit collateral for such note;" further, that the alleged parol agreement in this case had no sufficient consideration to support it, and was too indefinite and uncertain to be enforced. The appellant also questions the admissibility of certain evidence introduced by the defendant showing that the plaintiff was "a creditor of such third person," that fact not being "averred in the affidavit of defense."

The printed regulation above quoted and depended upon by the plaintiff, cannot be said to constitute a contract that under any and all circumstances the deposit would be paid back upon four months notice. The rule in question was for the benefit of the defendant company, so that money could not be withdrawn in less than the stipulated time; it would not prevent or defeat any special agreement to the effect that a given deposit should remain beyond that time; particularly is this so, in a case like the present, where the deposit was made and accepted upon a contemporaneous agreement not to

withdraw it until the note was paid. We say it was made and accepted upon these terms, for the testimony is that the plaintiff's first offer was refused, and the deposit was only accepted upon his second offer, which was to allow the amount to remain until the note was paid in full; this undoubtedly was what induced the defendant to renew the note, and in that sense was part of the contract of deposit. The evidence upon this point was given by a number of witnesses whose testimony was in accord.

The agreement that the deposit should remain amounted to a pledge of the plaintiff's money, and gave the defendant a lien thereon until the note should be paid in full. "The three elements necessary to constitute a contract one of pledge are: (1) The possession of the pledged property must pass from the pledgor to the pledgee * * * *; (2) The legal title to the pledged property must remain in the pledgor; (3) The pledgee must have a lien on the property for the payment of a debt or performance of an obligation due him by the pledgor or some other person": 31 Cyc. 787. "The term—collateral security—means any security in addition to the original obligations": 31 Cyc. 786. "The law is very liberal in regard to the consideration required to support a pledge. Accordingly it has been held that such consideration may consist * * * of * * * an extension of time for the payment of a debt * * * without any new consideration": 31 Cyc. 795-6; Downing v. Funk, 5 Rawle 69; Kean v. McKinsey, 2 Pa. 30. " A valuable consideration is one which is either a benefit to the party promising or some trouble to the party to whom the promise is made": Muirhead v. Kirkpatrick, 21 Pa. 237, 242. It may consist of a "benefit to the promisor or harm to the promisee": Arnold v. Stedman, 45 Pa. 186, 188. In this case the plaintiff induced the defendant to withdraw its demand for the immediate payment of the Bed Company's loan, to extend the time three months, to forbear and waive its right to enter suit and

secure a judgment during that time, and to accept a renewal note; all of which involved trouble and operated to the prejudice of the defendant if not to the benefit of the plaintiff. The Bed Company was financially embarrassed; on January 30, 1908, at the instance of the plaintiff a receiver was appointed, and when its affairs were wound up the total balance for distribution among creditors was but $290.59. Under all the circumstances we feel that the deposit was in the nature of a pledge of collateral; that there was sufficient consideration to support the plaintiff's promise and that it was not within the Statute of Frauds.

We cannot view the contract as void because of uncertainty in its terms. The renewal note was for a fixed period of three months, and the plaintiff definitely agreed that the deposit should remain with the defendant until the note was paid in full. The appellee contends that "there was no necessity that the contract contain terms stipulating the method of the foreclosure of the subject matter of the pledge. Equity has jurisdiction of causes of this character; and, upon a bill filed for that purpose, a proper decree will be entered, fully foreclosing the pledge, and adjudicating the rights of the parties." We are not now called upon to decide whether this remedy is open; nor shall we discuss that point until it is properly before us and we have had the benefit of argument thereon. The established facts, fixed by the verdict, that the plaintiff contracted to leave his $10,000 with the defendant until the note of the Bed Company was paid, and that such note had not been paid, were sufficient to prevent a recovery in the present action; and in this connection that is all we determine.

The testimony introduced by the defendant to show that the plaintiff was a creditor of the Bed Company was objected to upon the ground that there "was no notice given of any such claim on the part of the defendant." When the plaintiff took the stand as a wit-

ness in his own behalf, he testified in chief that he was such a creditor, stating, "I had $12,000 worth of the bonds, as security for a loan, and I had a note of the Pennsylvania Bed Company;" and it was in evidence that when he asked for the renewal of the note he told the defendant that the Bed Company owed him "a good deal of money." We do not see that the admission of the testimony objected to could have done any material harm; hence it is unnecessary to discuss the assignment going to that point.

The specifications are all overruled and the judgment is affirmed.