## Muirhead *versus* Kirkpatrick.

1. The holder of a note received as *collateral security* is bound to employ reasonable diligence in its collection, and a conversion of it into a less security is such misuse of it as makes him responsible to the original debtor.

2. In an action on one of two notes which had been taken by the holder in lieu of a former note held by him, and which first note was alleged by the defendant to have been transferred to the plaintiff *as a collateral security*, an endorser of such original note is a competent witness for the *plaintiff* to prove that the said original note was not received by the plaintiff as a collateral security, but had been transferred to him in payment of existing liabilities; the said endorser having been discharged by reason of an extension of time having been allowed in receiving the two notes and by the omission in the note in suit of one of the parties to the original note.

3. Whether there was any new consideration for the execution of the note in suit, was a question of fact for the jury, and an instruction calculated to mislead them as to its determination was error.

4. The extension of the time of payment of a note is a valuable consideration for other notes taken in lieu of it; the compromise of a doubtful claim is also a sufficient consideration to support a promise.

5. The release of one of the drawers of a former note and of the endorsers thereon in the taking of a new note, and, if the note were received by the plaintiff from the said endorsers as *a collateral security*, the assuming of the obligation to account to them for it, was a yielding of advantages and a submission to inconvenience by the plaintiff which formed a sufficient consideration to support an action against the drawer of the new note.

6. If a new note taken in lieu of another was founded on a valuable consideration independent of that on which the original note was founded, the failure of the consideration of the former note is not a defence by the drawer in a suit against him on the last note.

7. The decision, see 4 Harris 117 No. 4, in favor of the competency of the party omitted as a drawer in the taking of the last note, reaffirmed.

ERROR to the Common Pleas of *Lancaster county.*

This was an action of debt by William Muirhead *v.* William Kirkpatrick, on a promissory note, dated 11th March, 1842, for $186.22, payable sixty days after date, by the defendant to the plaintiff.

The same case was up several times previous, and reports of it will be found in 5 *W. & Ser.* 506; 2 *Barr* 425; and 4 *Harris* 117, &c. The pleas on this trial were payment and payment with leave.

On 11th March, 1842, an agent of Muirhead, the plaintiff, came to Lancaster, where the defendant resided, with a note held by William Muirhead against William & Ephraim Kirkpatrick. It was said on the part of the defendant, that the said William and Ephraim were not *partners* in the transaction, but were joint and several parties to the original note. It was said that the agent presented the note to William Kirkpatrick for payment. That the latter said, he could not then pay it, but proposed to divide the note into two notes, and extension of time be allowed; and two notes were accordingly given, one payable at 30 and the other at 60 days,

[Muirhead *v.* Kirkpatrick.]

signed by *the defendant alone.* The interest on the old note was computed. The old note was given up to defendant.

Jonathan Muirhead, hereinafter mentioned, had been a member of the firm of Capron & Co. He was offered as a witness on the part of the plaintiff to prove that the original note of William & Ephraim Kirkpatrick, transferred to Capron & Co., was transferred *not* as a *collateral security*, but in payment of existing liabilities. He was rejected.

Long, J., charged, *inter alia* :—

"It is contended that the note in question was given in the place of another note previously drawn by William and Ephraim Kirkpatrick, in favor of Capron & Co., and delivered to them, with other notes, in payment of certain personal property purchased by the defendant from Capron & Co.; that a portion of the personal property thus purchased, to an amount greater in value than the sum called for by the note in suit, was never received by the purchasers, through the default of the sellers, and consequently that the consideration of the original note failed; that the original notes were transferred by Capron & Co. to the plaintiff, not in the usual course of business, but *as collateral security*, against certain liabilities incurred by him for the firm.

"Ephraim Kirkpatrick, in his testimony, testifies that the note now in suit was given for the balance of a note of $500, the last given by William Kirkpatrick and Ephraim Kirkpatrick to Capron & Co., and that the note of $500 had been transferred to plaintiff, to secure him for endorsements and liabilities incurred before the failure of Capron & Co.; and that another note was also given by William and Ephraim Kirkpatrick, to William Muirhead, in consideration of the $500. He then stated in his testimony, that the original notes were given for materials, threshing machine, horse power, and other property, contained in an inventory purchased from Capron & Co.: among the articles enumerated in the inventory, are ten sets of castings and patterns—a copy of which inventory was read."

(Two other witnesses testified that the castings referred to above had not been received by the Kirkpatricks.)

He further stated: On the part of the plaintiff was examined George W. Houseal, who details to you how the note in suit was obtained; that he came here at the instance of William Muirhead, to collect the amount of a note given by Ephraim and William Kirkpatrick, payable to the order of Capron & Co., and endorsed by them to William Muirhead; that Ephraim Kirkpatrick was not at home, and that after some negotiation, two notes were given by William Kirkpatrick to William Muirhead, in the place of the one

[Muirhead v. Kirkpatrick.]

brought on by him, and that Kirkpatrick asked him to extend the time of payment, which he did.

The Supreme Court, in deciding this case when up before them, state that when a note is taken as security for an antecedent debt, without giving up any security previously had, paying any money, or affording some new consideration, he is not a holder for value, who may recover in despite of fraud practised by the person putting the note in circulation, or on the failure of the consideration from which it originally sprang ; and that in this case, if there was a failure of consideration for the note given by Ephraim & William Kirkpatrick to Capron & Co., and upon which this present suit is founded, it can be inquired into in this suit ; and if the failure of the consideration is equal to the amount claimed, the defendant would be entitled to your verdict. The plaintiff's counsel contends that there was an extension of time given him by the plaintiff to the defendant, which constitutes *a new consideration;* and also the giving up Ephraim Kirkpatrick, one of the drawers to the original note. In answer of this view of the case taken by the counsel for the plaintiff, the Supreme Court said, when this case was up before them, *"Considerations, like every other part of a contract, must be the result of agreement. The parties must understand and be influenced to the particular action by something of value or convenience and inconvenience, recognised by all of them as the moving cause. That which is a mere fortuitous result, flowing accidentally from an arrangement, but in no degree prompting the actors to it, is not to be esteemed a legal consideration."*

April 28, 1852, verdict for defendant.

Error was assigned, *inter alia :* 1. To the admission of Ephraim Kirkpatrick. 2. To his being permitted to testify as to the consideration of the original note. 6. In rejecting Jonathan Muirhead. 11. To the last paragraph of the charge, and especially to the concluding part of it included between asterisks.

*Frazer,* for plaintiff.

*Stevens,* for defendant.

The opinion of the Court was delivered, June 9, 1853, by
Woodward, J.—On the 17th day of June, 1839, William Kirkpatrick and Ephraim Kirkpatrick made their promissory note to Jno. Capron & Co., or order, for $500, at 90 days, which was transferred to Wm. Muirhead, by the endorsement of Capron & Co.

On the 11th day of March, 1842, William Muirhead sent his

·agent, Geo. W. Houseal, to present this note to the Kirkpatricks, and demand payment. The agent found Wm. Kirkpatrick only ·at ·home, and their interview resulted in Houseal's giving up the ·$500 note, and taking two others therefor, one at 30 days, and the ·other at 60 days for $186.22, which is the ·note ·now in suit. Both these notes were made payable to Wm. Muirhead, and ·were ·signed by Wm. Kirkpatrick alone. The ·note at 30 days has been paid, but when suit was brought on .the present, note, the defendant ·relied on a .set-off, which, after several ·trials, ·failed ·him, for rea- ·sons which may be seen in 5 *W. & Ser.* 506, and.2 *Barr* 425, where ·the case is twice ·reported. He then changed ·the ground of his ·defence, and set up a ·failure of the .consideration of the $500 ·note, and claimed that it was an available defence against the pre- ·sent note, 1st, because both notes were .founded on ' the .same con- ·sideration ; and, .2d, ·because the original .note was not transferred .in due course of business, but pledged merely as collateral ·secu- rity for liabilities which the .plaintiff had assumed .for Capron & Co. The Court of Common Pleas, ·however, conceiving that this note was founded on a new and distinct consideration from that of the $500 note, rejected the defendant's evidence, and directed a ·. verdict for the plaintiff. .This Court .reversed that judgment, and the case is reported the third time in 4 *Harris' State R.* 117.

Two principal .propositions of law were ruled on that .occasion, neither of which it is our intention to disturb.

1st. That though the holder of a negotiable instrument, received .in *payment* of a pre-existing debt, before maturity, cannot be sub- jected to equities existing between the original ·parties, and of which he had no notice, yet if the paper be taken as *collateral security* merely, for the payment of a debt, or for protection against previously assumed liabilities, the defendant may aver any .ground of defence which would have been ·competent between the .antecedent parties to the bill or note.

.2d. That it was error in the Common Pleas to reject the defend- ant's testimony, and to assume that the note in suit .rested on a new and distinct consideration from that which was given up— this being a question for the jury, rather than the Court.

When the cause went down for re-trial under this ruling, it is manifest that the first of the above propositions involved an im- portant inquiry of fact, to wit, the character and purpose of the transfer of the $500 note. If transferred before maturity and for value, the. consideration of it was not subject to scrutiny, nor .of course the consideration of the notes which replaced it. But .if pledged . as . collateral security merely, the title .remained .in ·Capron & Co., and the consideration would be open ·to inquiry ; and then if the jury should be satisfied that the new notes were .founded in no new . consideration, but were only renewals of the

[Muirhead v. Kirkpatrick.]

original note, the defence set up would be as applicable to one of the new notes as it would have been to the original note. This inquiry became thus a vital question on the last trial, and out of the evidence offered in regard to it, bills of exception resulted, which may be properly noticed at this place.

The defendant offered his brother, Ephraim Kirkpatrick, as a witness, having first released him from all liability over, on account of his signature to the $500 note, and the Court admitted him. We dismiss the plaintiff's complaint of this with the remark, that the competency of this witness was fully discussed and decided when the record was last here: 4 *Harris* 127, *et seq.*

The plaintiff then offered Jonathan Muirhead to prove that the transfer of the note was not as a collateral, but in payment of existing liabilities. The Court rejected him, and this is the plaintiff's sixth assignment of error.

Had the action been on the original note, Jonathan Muirhead would have come within the rule of policy recognised in many modern cases, which excludes a party to negotiable paper from testifying between other parties to the paper; but though the partner of Capron, he was never a party to this note in suit. The note which Capron & Co. had endorsed, had been given up by the holder without the knowledge or assent of the endorsers, and the note in suit had been taken in lieu of it. This discharged the liability of the endorsers beyond a doubt. But that note was assigned as a collateral security merely, says the defendant, and the money recovered in this action will go to the benefit of the owners of the collateral, and therefore the witness had a direct interest in the event of this suit. Whether assigned as a collateral or not, is, as we have seen, an open question in the cause, but for the purposes of this objection we must assume that it was. William Muirhead, then, as the holder of a collateral, was bound to preserve it or collect it, and apply it for the benefit of the assignor. He might not waste it, or exchange it for an inferior security, and doing either, he made himself accountable for it. A bond, or *chose*, which is transferred as collateral security, is put under the dominion of the creditor, to make his claim out of it. It is not in the nature of, or subject to the incidents of a pawn, or pledge: Ins. Co. *v.* Smith, 1 *Jones* 127, by COULTER, J. His duties in respect to it are active. He is to employ reasonable diligence in collecting the money on the security, and applying it to the principal debt, and a conversion of it into a less security is such misuse as makes him accountable to the debtor. When William Muirhead gave up the $500 note, and took notes for it against William Kirkpatrick alone, he not only released Capron & Co. from liability to him as endorsers, but he incurred liability to them for releasing Ephraim Kirkpatrick from the paper. From that mo-

[Muirhead *v.* Kirkpatrick.]

ment he was bound to account to Capron & Co. for their note. How, then, was Jonathan Muirhead interested in the event of this suit? If the plaintiff recovered, the argument is, he would have to account to Jonathan as a member of the firm of Capron & Co. The answer is, he had fixed upon himself a liability to account, whether he recovered in this action or not, and therefore the witness was not interested in his recovery. Never having been a party to the note in suit, and not interested in the event of the action, we hold that Jonathan Muirhead was a competent witness, and that the Court erred in rejecting him.

These are the only bills of exception to evidence which it is necessary to notice, but we think the plaintiff in error has reason to complain of a portion of the charge.

The question as to the character of the transfer of the original note was sufficiently submitted to the jury; but the question as to the consideration of the note in suit was not. I do not overlook the fact that the judge, in answering the plaintiff's points, particularly the third and the ninth, submitted to the jury the question of a new consideration, so far as the extension of time would be a new consideration; but this was only one of the elements of the alleged new consideration; and the language quoted from the reported case was a very emphatic intimation that the Supreme Court considered the extension of time, even in connection with the giving up Ephraim Kirkpatrick, no new consideration whatever. It is difficult, indeed, to doubt that the jury must have considered the whole subject of consideration settled by the language with which the charge concludes, and yet that language, so far as it was borrowed from this Court, consisted of *obiter dicta*, which were predicated of a hypothesis that the learned judge who indulged it, intimated might be unfounded. The consideration of the new note, in its nature, and by express authority, a question for the jury, was thus virtually withdrawn from them, and ruled against the plaintiff, almost as distinctly as on the former trial it was ruled against the defendant. The testimony of Houseal is the only evidence on the record that touches the transaction of the 11th March, 1842; and the jury should have been instructed, that if he was believed, a new and independent consideration had been shown.

Consideration is the motive or price of a contract. A valuable consideration is one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made: 4 *Kent's Com.* 465.

On the 11th March, 1842, the Kirkpatricks were liable to be sued, at once, on the note in Muirhead's hands: and stipulated forbearance to sue, or extension of time, has always been recognised as a valuable consideration. The giving of time, said GIBSON, C. J., in Petrie *v.* Clarke, 11 *Ser. & R.* 383, would be a present and a valu-

[Muirhead v. Kirkpatrick.]

able consideration; and a pledge on these terms would be the same as a pledge for money paid down. Again, on the 11th of March, 1842, there was a pending doubt (not yet solved indeed) whether the $500 note was transferred in payment of, or as collateral security for existing liabilities; and important legal consequences depended on this question. Here was a fit subject of compromise, and the compromise of a doubtful claim is a sufficient consideration to support a promise: Brown v. Sloan, 6 *Watts* 421; Clement v. Reppard, 3 *Harris* 112.

Still, again, in releasing Ephraim Kirkpatrick as a drawer, and Capron & Co. as endorsers, as well as in incurring a liability to account to them for a collateral changed into a less security, if a collateral it was, Muirhead yielded advantages, and submitted himself to inconveniences that are in the very nature of considerations: Hind v. Holdship, 2 *Watts* 104; Mercer v. Lancaster, 5 *Barr* 162; Esling v. Zantzinger, 1 *Harris* 53.

All these grounds for a new consideration are developed from the circumstances of the parties at the date of the note in suit, and from the testimony of Houseal. If, therefore, on the next trial these circumstances shall appear as they now do on this record, and if Houseal, who is corroborated by the admitted facts, that the old note was given up and two new ones taken in its stead, shall be believed by the jury, they will be bound to say, that the note in suit was founded on a valuable consideration, independent of that on which the original note was founded, and therefore that a failure of the consideration of that note is no defence against the plaintiff's right to recover in this action.

It is believed that an application of the principles herein stated, to the next trial of the cause, will put an end to this protracted litigation, a consummation devoutly to be wished.

The judgment is reversed and a *venire de novo* awarded.