## CHARLES FRANCE v. H. A. RUDDIMAN ET AL.

### [DAVID ET AL. v. GLASBY ET AL.]

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-
PHIA COUNTY.

Argued April 11, 1889—Decided May 6, 1889.

1. A judgment cannot be stricken off for irregularity unless such irregu-
larity appear upon the record ; and depositions taken in the court below

Statement of Facts.

upon a rule to open a judgment, do not form a part of the record, and cannot be considered in the Supreme Court.

2. Especially is this the case, where judgment has been entered on two returns of nihil to writs of scire facias sur mortgage, and thereafter a third party, a stranger to the mortgage, seeks, on a rule to open that judgment, to set up the alleged coverture of the mortgagor, then deceased, which defence the said mortgagor had never asserted, though she had ample opportunity so to do.

· Before GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 253 January Term 1889, Sup. Ct.; court below, No. . . . . March Term 1885, C. P. No. 3.

On May 2, 1885, a scire facias sur mortgage was issued wherein Elizabeth W. David, Edward M. David, William P. David and James O. David, executors of the estate of William M. David, deceased, were plaintiffs, and James Glasby and Phœbe Glasby, his wife, were defendants. The mortgage was for $1,000 and had been given May 18, 1878, by said James Glasby and Phœbe Glasby to said William M. David, and covered certain premises on Orianna street, Philadelphia. The sheriff having made a return of nihil habet to this scire facias, an alias scire facias was issued, to which the return was also nihil habet. Judgment was accordingly entered June 23, 1885, upon these two returns, and the damages were assessed at $1,087.50.

A levari facias and an alias levari facias were issued on this judgment, but both writs were stayed. , Subsequently on October 20, 1885, the judgment was marked to the use of Josiah F. French, and on June 18, 1888, it was marked to the use of Harriet A. Ruddiman and Marcus A. Davis, executors of the will of William H. Ruddiman, deceased.

On July 5, 1888, a pluries levari facias was issued. This writ was also stayed, and on July 25, 1888, a rule was obtained to set aside the pluries levari facias, open the judgment, and let the terre-tenant, Charles France, into a defence. At the argument of this rule, depositions were produced and read which purported to prove that Phœbe Glasby, in whom the title to the property was admittedly vested when the mortgage in question was given, was not the lawful wife of James Glasby; that she had originally married one Richard Walsh

### Opinion of the Court.

in England, and, while he was living and without having been divorced from him, she married Glasby. After making the mortgage in suit, she procured a divorce from Glasby, and married Josiah F. French, with whom she lived until her death in January, 1884. After her death, her brother, Charles France, being her only heir, procured from said Richard Walsh, who was still living, a release by deed of all interest he might have in said Phœbe's estate, and brought actions of ejectment against said French for said Phœbe's real estate, he, the said French, having taken possession of the same after Phœbe's death, under a claim as surviving husband.

On December 22, 1888, the court below discharged the rule without filing an opinion. The said France then took this writ, specifying that the court erred:

1. In entering judgment on a void mortgage.

2. In not vacating said judgment, on the fact being shown that the mortgage on which it was entered was void.

3. In not opening the judgment and ordering an issue to try the validity of the mortgage.

*Mr. John Dolman*, for the plaintiff in error.

*Mr. Thomas J. Worrell*, for the defendants in error.

PER CURIAM:

The writ of error in this case was taken to the judgment on the scire facias on the mortgage. The depositions taken under the rule to show cause why that judgment should not be opened, are no part of the record in the proceeding by scire facias. We cannot consider them, because they are not before us by bill of exception or in any other manner. If Mrs. Glasby were living and did not choose to plead her former coverture in defence against the mortgage, judgment would be entered against her on the scire facias, notwithstanding the fact of such coverture. She had ample opportunity to exercise this personal privilege at any time between 1878, the date of the mortgage, and 1884, the time of her death, but did not choose to do so. We see no reason for departing from our numerous well considered decisions to the effect that a judgment cannot be stricken off for irregularity unless it appear upon the record,

and that depositions taken in the court below upon a rule to open a judgment cannot be considered here. Especially is this the case when the person who seeks to set up the alleged coverture of the mortgagor is a total stranger to the mortgage, and proposes to assert a purely personal right of the mortgagor, which she, having ample opportunity to do so, never saw fit to exercise.

Judgment affirmed.