# United States Shipping Board Emergency Fleet Corporation to the use, Etc., *v.* Vivian, Appellant.

*Landlord and tenant—Leases—Judgment—Ejectment—Rule to strike off—Judgment regular on its face.*

A court does not have the power to·strike off the judgment regular on its face. Where the judgment is regular, but the defendant claims that he has a legal defense, the proper practice is to proceed under a rule to open the judgment.

*Lease—Forfeiture clause—Application.*

Covenants for a lease to be void or to cease and determine on failure by the lessee to comply with the conditions, do not make the lease void, except at the option of the lessor, and that legal effect, no matter what form or cumulation of phrases be used, can only be changed by an express stipulation that the lease shall be voidable at the option of either party.

Argued October 18, 1921. Appeal, No. 209, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1921, No. 2614, discharging rule to strike off judgment in the case of United States Shipping Board Emergency Fleet Corporation to the use of Charles F. Eggleston, v. James Vivian. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Amicable action in ejectment. Rule to strike off judgment.

The facts are stated in the opinion of the Superior Court. The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Albert H. Coggins,* and with him *Edgar W. Lank,* for appellant, cited: Cochran v. Pew et al., 159·Pa. 184;

Vito v. Birkel, 209 Pa. 207; Teufel v. Rowan, 179 Pa. 408.

*Charles F. Eggleston,* and with him *W. H. G. Gould,* for appellee, cited: Wills v. Manufacturers N. Gas Co., 130 Pa. 222; Bartley et al. v. Phillips, 179 Pa. 175; Vito v. Birkel, 209 Pa. 207; Cochran v. Pew, 159 Pa. 184.

OPINION BY LINN, J., October 27, 1921:

This appeal is from an order refusing to strike off a judgment in ejectment entered in an amicable action by a landlord against his tenant and to set aside a writ of habere facias possessionem. The judgment was entered upon a record consisting of an agreement for amicable action in ejectment, an affidavit that defendant was not in the military or naval service of the United States or of the State of Pennsylvania, a copy of the notice to vacate the premises and surrender possession served by the landlord upon the tenant, an affidavit of service of such notice, together with a copy of the lease under which the tenant was in possession. The lease contained a warrant authorizing the entry of such judgment upon the lessee's failure to comply with the covenants, terms and conditions of the lease. The record shows that the landlord served due notice upon the tenant terminating the lease June 1, 1921, in accordance with its provisions and demanding the surrender of the premises upon that date, and that the tenant had declined to comply.

The judgment appears to be regular on its face and no irregularity is suggested. The court below was therefore bound to discharge defendant's rule to strike off the judgment and to set aside the writ of hab. fa. "No court has power to strike off a judgment regular on its face": Breden v. Gilliland, 67 Pa. 34. As the lease also contained a provision that the "lessee hereby releases to lessor all errors and defects whatsoever in entering such action or judgment, or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon or

concerning the same; and hereby agrees that no writ of error, or objection, or exception shall be made or taken thereto," we might, with propriety, grant appellee's motion to quash the appeal upon the authority of Roberts v. Stuart, 52 Pa. Superior Ct. 253. In view, however, of the earnest argument of counsel for appellant, we have considered the contention made by him on the merits, and find it without legal support. He obtained the rule to show cause why the judgment should not be stricken off and the writ of hab. fa. set aside, upon a petition which made no pretence of indicating any irregularity on the face of the record. He asserted a right which if well founded, might with propriety have been the basis of an application to open, instead of to set aside, the judgment. The petition set forth that when the lease was made, appellant was employed by the lessor and that the lease provided that "the term under this lease shall cease and determine immediately upon the termination of the present employment of the lessee as above set forth, and all rent shall be presently due and payable, anything herein contained to the contrary notwithstanding." He averred that he left the employment in July, 1920, and that the effect of his leaving the employment was that "said lease did cease and determine and become wholly null and void and inoperative"; and that thereafter the tenancy was not governed by the lease. That position cannot be maintained. "The argument of the appellant......is but another effort to escape from the rule laid down in the series of cases from Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Ogden v. Hatry, 145 Pa. 640; Jones v. Gas Co., 146 Pa. 204; Phillips v. Vandegrift, 146 Pa. 357, and Leatherman v. Oliver, 151 Pa. 646, down to Liggett v. Shira, at the present term, ......that covenants for the lease to be void, or to cease and determine, etc., on failure by the lessee to comply with the conditions specified, do not make the lease void except at the option of the lessor, and that that legal

effect no matter what form or cumulation of phrases be used, can only be changed by an express stipulation that the lease shall be voidable at the option of either party or of the lessee": Cochran v. Pew et al., 159 Pa. p. 184, at p. 187. In Liggett v. Shira, 159 Pa. 350, referred to supra, it is said at page 359: "The lessor is the only person who can assert a forfeiture. The lessee may do, or omit to do, that which the lease declares shall be a cause of forfeiture, and so subject his leasehold interest or estate to an entry and forfeiture by the lessor, but he cannot enter on himself, and declare his own estate forfeited, and so divest the rights and defeat the remedies of his lessor. A tenant of a dwelling house may forfeit his right and title under his lease by doing that which his lease names as a ground of forfeiture; but that he can by his own breach of contract forfeit his landlord's right to the rent, is a proposition so preposterous that whoever asserts it must show a plain unambiguous agreement of the lessor to that effect." See also Vito v. Birkel, 209 Pa. 206, at 209.

The order appealed from is affirmed.