# Gallagher *v.* American Ice & Coal Co., Appellant.

*Negligence—Coal hole in sidewalk—Unloading coal—Danger— Two routes—Damages—Evidence—Two causes of injury—Burden of proof—Anticipating action of driver.*

1. In action for personal injuries resulting from a fall in a coal hole in the sidewalk, a verdict and judgment for plaintiff will be sustained, where it appears that defendant's driver at the time of the accident had unloaded coal by a chute into the coal hole, and had removed the chute, that plaintiff in passing had ample room to permit her to pass between the hole and the end of the chute, that the driver had in his hands the chute after its removal from the hole, and that it struck plaintiff's foot as she was passing, causing her to fall into the opening.

2. There was no such obvious danger present as would place on plaintiff the burden of choosing another route; and she was not obliged to anticipate the action of the driver.

3. In such case, where there is no evidence that plaintiff suffered injury from any other accident, and she testifies that she had a dislocated shoulder resulting therefrom, a physician may testify that, two years after the accident, he examined plaintiff and that she was suffering from a dislocation of the shoulder, which bore evidence of having been in that condition for a considerable time.

4. It was not proper in such case to apply the rule that where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to show the latter cause was the one from which the injury resulted.

Argued December 2, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 281, Jan. T., 1926, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1932, No. 5909, on verdict for plaintiff, in case of Delia Gallagher v. American Ice & Coal Co. Affirmed.

Trespass for personal injuries. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,000 on which judgment was entered for $3,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of motion for judgment for defendant n. o. v., quoting record.

*Frank R. Savidge,* for appellant.—If plaintiff had open and plainly discernible to her two ways of passing the coal hole, one being dangerous and the other not, and chose the dangerous way to her injury, she accepted the risk and was guilty of contributory negligence: Haven v. Bridge Co., 151 Pa. 620; Smith v. New Castle, 178 Pa. 298; Purcell v. Riebe, 227 Pa. 503; Decker v. East Washington, 21 Pa. Superior Ct. 211.

The testimony of Dr. Joseph C. Ellis, whose first examination of plaintiff was made over two years after the accident, was inadmissible: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; Gausman v. Pearson Co., 284 Pa. 348; McCarthy v. Transit Co., 42 Pa. Superior Ct. 526; Pa. R. R. v. Butler, 57 Pa. 335; Hamory v. R. R., 222 Pa. 631.

*Harry A. Gorson,* for appellee, cited as to injury: Guckavan v. Traction Co., 203 Pa. 521; Langstrom v. Mooney, 149 Pa. 64.

OPINION BY MR. JUSTICE FRAZER, January 3, 1927:

Plaintiff received injury by falling into an open coal hole, located in the sidewalk near the building line of Lancaster Avenue, in the City of Philadelphia, while

passing defendant's coal truck immediately after its driver had unloaded coal into the cellar of an abutting house, by means of a chute which extended from the wagon across the pavement. According to plaintiff's testimony, the chute had been removed from the coal hole and no indication of danger was present to prevent her from passing between the opening and the chute, there being a clear space of approximately three feet. As she was in the act of passing between the two, according to her testimony, the driver, who had hold of the chute, permitted it to drop or move in such manner that it struck plaintiff on the right foot or ankle, causing her to slip and fall into the opening in the pavement. In this statement she was contradicted by the driver, and, inasmuch as the jury found in her favor, it remains for us to consider only whether the evidence offered was sufficient to support the verdict. The jury fixed the damages at $6,000, a remittitur however was later filed for the amount of the verdict in excess of $3,000. The court having refused defendant's motions for judgment non obstante veredicto and a new trial, this appeal followed.

It is argued that plaintiff's description of the accident is too vague to warrant the finding of negligence. Although plaintiff did not see the driver move the chute, and was unable to say what caused it to fall or to strike her, she testified definitely that a passageway on the sidewalk was open and unobstructed, with ample room to permit her to pass safely between the hole and the end of the chute, that the driver had in his hands the chute after its removal from the coal hole and that it hit her right foot as she was passing, causing her to fall into the opening in the pavement. She thus had a clear path on the sidewalk with nothing to indicate a movement might be made by the driver tending to render it dangerous for her to pass between the end of the chute and the coal opening. Under the circumstances, the connection

between the movement of the chute and plaintiff's injuries was sufficiently established.

This action is not one where a pedestrian has a choice of two ways and deliberately chooses the more dangerous one, as claimed by appellant. The driver had finished unloading the coal and had removed the chute from its position with one end resting in his hand, three feet from the sidewalk opening, and no such obvious danger present as would place on plaintiff the burden of choosing another and safer route. Even if plaintiff voluntarily incurred the danger of falling into the open hole, she was not bound to anticipate that the driver, after removing the chute from the coal hole, would permit it to drop and strike her as she walked at apparently a safe distance from danger.

Objection is made to the testimony of a physician who first examined plaintiff, more than two years after the accident, and who testified she had at that time a dislocation of her shoulder, which bore evidence of having been in that condition for a considerable time. Another physician who attended plaintiff after her accident testified the movement of her arm was restricted, but he did not observe an actual dislocation. The contention of defendant is that the condition of the arm two years later was not sufficiently shown to have been the result of the accident, and that we should apply the rule that where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on plaintiff to show the latter cause was the one from which injury resulted. This rule does not control here, however, because there is present only one possible cause, to wit, the fall into the coal hole, plaintiff having testified that previous to the accident she at no time was troubled with soreness or lack of use of either her arm or wrist. We find no evidence that she received injuries of any character subsequent to the accident in this case, accordingly a reasonable and proper inference exists that if plaintiff suffered a dislocation it was the

result of the accident here complained of. Though the evidence, both as to the accident and the resulting injury, was conflicting, these questions were necessarily for the jury.

The judgment is affirmed.