## Bayard, Appellant, *v.* Pennsylvania Knitting Mills Corp.

*Contract — Guaranty — Original undertaking — Corporation — Stockholder—Resolution of directors—Statute of frauds—Pleading—Ultra vires.*

1. It is a general rule that, when the leading object of a promise is to become guarantor or surety for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time of the promise of the principal, is within the statute of frauds, and is of no effect unless in writing.

2. The interest which a stockholder has in a corporation is not individual, for he cannot be held for corporate debts, and if he promises to indemnify a creditor of the corporation, such a promise is within the statute of frauds.

3. The mere fact that a shareholder is concerned in promoting the financial success of the company is not sufficient to justify the promise of guaranty as an original undertaking.

4. Where a corporation, organized to take over the stock of another corporation but not to merge with it, undertakes, before acquiring such stock, to indemnify the officers of the latter corporation if they will guarantee any purchase of goods by either corporation, the contract of indemnity must be in writing under the statute of frauds.

5. Such a resolution by the directors of the purchasing company in itself is not a sufficient writing under the statute, inasmuch as it does not specify the kind or extent of the obligations

which were to be assumed, but merely states that the guaranty was to be given generally to any officer or director who made advances.

6. Not decided whether such a resolution was ultra vires because the officers and directors of both corporations were the same.

7. In a suit on a contract of indemnity, the failure of defendant to plead the benefit of the statute of frauds is not fatal to his case, where it appears that the claim of plaintiff never was enforceable, because the statutory requirements had not been observed.

Argued April 18, 1927.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 140, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1924, No. 27, for defendant on case tried by the court without a jury, in suit of M. L. Bayard v. Pennsylvania Knitting Mills Corporation.   Affirmed.

Assumpsit in foreign attachment.   Before FINLETTER, J., without a jury.

The opinion of the Supreme Court states the facts.
Judgment for defendant.   Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Samuel A. Goldberg,* with him *Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellant.—The undertaking by defendant was an original and primary one: Lincoln Bank of Erie v. Grocery Co., 286 Pa. 421; Kendall v. Klapperthal Co., 202 Pa. 596; Goodling v. Simon, 54 Pa. Superior Ct. 125; Kirby v. Kirby, 248 Pa. 117; Jefferson Co. v. Slagle, 66 Pa. 202; Lieberman v. Colahan, 267 Pa. 102; Smith v. McKenna, 53 Pa. 151; Speers v. Knarr, 4 Pa. Superior Ct. 80; Kaufman v. Abeles, 11 Pa. Superior Ct. 616; May v. Walker, 20 Pa. Superior Ct. 581.

The resolution was a sufficient memorandum under the statute of frauds: Duncan v. Shaw, 17 Pa. Superior Ct. 225; Rossmassler v. Spielberger, 270 Pa. 30; Rush

Center Creamery Co. v. Hillis, 3 Pa. Superior Ct. 527; Title Guarantee & Surety Co. v. Lippincott, 252 Pa. 112; Shively v. Black, 45 Pa. 345; Peoples Trust Co. v. Ice & Coal Co., 283 Pa. 76.

The defendant waived the statute of frauds: McDonald Construction Co. v. Gill, 285 Pa. 305; Wm. Zoller Co. v. Fire Ins. Co., 272 Pa. 386; Sackett v. Spencer, 65 Pa. 89; Burkhart v. Fire Ins. Co., 11 Pa. Superior Ct. 280.

*Frederick H. Warner,* for appellee.—The fault of appellant's whole argument is that while he assumes a contract on the part of defendant existed, the very evidence he relies on shows no contractual liability, either oral or written, ever arose.

The resolution was not within the statute of frauds: Moore v. Eisaman, 201 Pa. 190; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112.

The resolution was ultra vires: Humboldt Mining Co. v. Mfg. M. & M. Co., 62 Fed. 356.

OPINION BY MR. JUSTICE SADLER, May 9, 1927:

The Pennsylvania Knitting Mills Company was engaged in the manufacture of sweaters and other goods in the City of Philadelphia. Its credit had become depreciated, and raw materials necessary to carry on its operations could be secured with difficulty only. To obtain additional capital a plan was devised of forming a Delaware corporation which should take over the capital stock of the first named, and, as a holder thereof, issue its own securities. The directors of the two companies were practically the same, and the present plaintiff, Bayard, acted in this capacity in both. The Delaware corporation was organized on February 15, 1922, and on that day its directors passed a resolution agreeing to exchange its stock for that of the Pennsylvania company, though the actual transfer was not made until some weeks later. To this minute there was added

the following clause: "Further resolved that should it become necessary during the period of the selling of the first preferred stock of this corporation, that any of its officers or directors endorse any notes or guarantee any purchases or assume any other obligations for the benefit of either this corporation or of the Pennsylvania Knitting Mills, said officers or directors are to be indemnified by this corporation against any loss arising therefrom." This corporate action was taken before the Delaware company had acquired the shares in the Pennsylvania company, and was not ratified subsequently by the stockholders of the former.

Yarn had been furnished in the past by Lees & Sons to the concern operating in Philadelphia, but further supplies were refused unless additional credits were established. Bayard, the plaintiff, was urged, prior to the forming of the new corporation, to lend aid by guaranteeing payment of balances which might become due by the old company. When the Delaware organization was accomplished, and the resolution above referred to passed, he agreed to assist, and three days later became guarantor of the bills for yarn to be purchased from Lees & Sons by the Pennsylvania corporation to the amount of $30,000. Material, though billed in the name of Bayard, was furnished to the latter, which became the primary debtor. He was later compelled to assume indebtedness for goods sold to the amount of $11,090.84, of which a part has been satisfied by cash payment, and he remains liable for the balance.

This action was brought by him against the Delaware corporation, defendant, to recover on the promise to reimburse for obligations assumed, a liability which he insists was implied from the resolution of February 15, 1922. No averment was made in the statement of claim of the existence of any oral or written contract to repay, but the responsibility was rested on the guaranty to make whole the directors of the Delaware company who might make advances. An affidavit of defense was filed,

denying the right to judgment.  After the taking of some
testimony at the trial which followed, it was agreed by
the parties that the jury should be discharged and the
case heard by the trial judge.  Facts were found, which
are conclusive upon us, as if found by a jury (McDonald
Construction Co. v. Gill, 285 Pa. 305), and judgment
entered for the defendant on the ground that there was
no such agreement in writing to answer for the debt or
default of the Pennsylvania company, as satisfied the
statute of frauds.  This conclusion was approved by the
court in banc, and plaintiff has appealed.

It is first insisted that the undertaking of the Dela-
ware corporation to indemnify any director who made
advances to the Pennsylvania company was an original
one, the agreement to guarantee being for the benefit of
the former, since it was interested as a prospective
shareholder in the prosperity of the latter.  It was there-
fore contended the statute of frauds had no application,
and the proof of any writing was not required.  "While
no rule can be easily expressed by which to determine in
all cases whether a promise to be responsible for the debt
or liability of another is or is not within the statute it
is a general rule that when the leading object of the
promise is to become guarantor or surety for a debt for
which a third party is and continues to be primarily li-
able, the agreement, whether made before or after or at
the time of the promise of the principal, is within the
statute and of no effect unless in writing": Shannon v.
American I. & S. Mfg. Co., 66 Pa. Superior Ct. 211, 214.
"It is undoubtedly true that a promise to answer for the
debt or default of another is not within the statute, un-
less it be collateral to a continued liability of the orig-
inal debtor.  If it be a substitute, an arrangement by
which the debt of the other is extinguished, as where the
creditor gives up his claim on his original debtor, and
accepts the new promise in lieu thereof, it need not be
in writing......But except in such cases, and others
perhaps of a kindred nature, in which the contract shows

an intention of the parties that the new promissor shall become the principal debtor, and the old debtor become but secondarily liable, the rule, it is believed, may be safely stated that, while the old debt remains, the new must be regarded as not an original undertaking, and that it is therefore within the statute": Maule v. Bucknell, 50 Pa. 39, 52.

Many cases will be found, of which instances are given in appellant's brief, where parties in furtherance of their individual interests have agreed to pay claims due by another, and the statute of frauds has been held inapplicable. This rule has been held at times in corporate matters where the guarantee was by an officer, director or creditor, and a promise is made by such person dirctly with one advancing money or materials on the faith thereof, though there was incidentally a benefit arising to the company, since in such cases the contract must be held to have been entered into for the personal advantage of the promisor (Lincoln Bank of Erie v. Gem Wholesale Grocery Co., 286 Pa. 421; Kendall v. Klapperthal, 202 Pa. 596), but the mere fact that a stockholder may indirectly receive some gain, when the promise is to pay the debt of the corporation, does not take the case out of the statute: Shannon v. American I. & S. Co., supra.

Ordinarily, the interest which a stockholder has is not individual, for he cannot be held for the corporate debts, and, if a promise to indemnify its creditor is made, the statute of frauds applies: 25 R. C. L. 509. The mere fact that such person is concerned in promoting the financial success of the company is not sufficient to justify the treating of the promise of guaranty as an original undertaking: Richardson Press v. Albright, 224 N. Y. 497. In the present case, the only interest which the new company had in the old was that of a prospective shareholder. At most, it guaranteed the payment of an obligation for which the latter was, and still is, liable. It did not agree to buy the yarn itself,—this

thought is negatived by the language used in the resolution,—and did not do so, and could not have contemplated more than the reimbursement of a third person, who in turn became surety for the payment by the actual buyer. Though, as before noted, the Delaware company was not the owner of stock in the Pennsylvania concern when the corporate action was taken, yet even had it been, no merger or consolidation would have been thereby effected, for the corporate entity of the latter remained: White v. Phœnix Iron Works, 283 Pa. 205.

If, as we hold, the promise was not an original, but a collateral, undertaking, then the statute applies. No contract, oral or written, is set up in the statement filed, and no averment that the required writing (Nugent v. Wolfe, 111 Pa. 471; Miller v. Long, 45 Pa. 350) was ever executed, except as appears in the resolution of February 15, 1922. It is insisted that this was sufficient under the authority of Peoples Trust Co. v. Consumers Ice & Coal Co., 283 Pa. 76, but the circumstances there were very different. In that case, one company agreed to sell land to another,. and it, by like proceeding, accepted the offer, took possession and erected buildings. The corporate minutes sufficiently described the property, and set forth the terms of the contract of sale, which had been partly executed, and the statute was therefore held not to prevent the assertion of the rights acquired. Here, the guaranty was to be given to any officer or director who made advances to either company. The kind or extent of the obligations which were to be assumed did not appear, and it is impossible to say from an inspection of the minute what liability was undertaken. There were no other papers to which reference could be made for the necessary information, as in Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112, and this could not be supplied by parol evidence. The requirements of such a writing have been set forth in the recent case of Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 200, and to the same effect are Moore v,

Eisaman, 201 Pa. 190; Llewellyn v. Sunnyside Coal Co., 242 Pa. 517; and Howard v. Innes, 253 Pa. 593. The complete understanding must appear: Paturzo v. Ferguson, 280 Pa. 379; Swift & Co. v. Meehan, 283 Pa. 429. There was no writing in this case except the resolution referred to, and the court below properly held it was insufficient.

It was further urged that defendant, having failed to expressly plead the benefit of the statute, cannot now take advantage of its provisions. The authorities in other jurisdictions are in conflict as to the necessity of specially pleading the want of a proper writing to support the guaranty of the debt of another. In some, the defense has been held to be personal, which the defendant may or may not take advantage of, as in the case of the statute of limitations. In Pennsylvania this has not been declared, but it has been held that judgment should be entered for the defendant where the evidence shows the contract not to be legally sustainable. In Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, 223, where a similar question arose under the Sales Act, it was said: "The purpose of a statement is to set forth facts which show a claim 'enforceable' by action; and it necessarily fails of this purpose unless they are averred. There is a vital distinction between cases where the claim was originally enforceable by suit, but recovery thereof may or may not have been lost by a failure to bring it within the time prescribed by the statute of limitations, and those, like the present, where the claim never was enforceable unless the statutory requirements were observed. Under the former, the facts necessary to take the case out of the statute need not be set forth; under the latter, which are in effect proceedings for specific performance of the contract, they must be averred in order to show a recovery may be had under the statute." In the statement filed there is no allegation of any contract, oral or written. The facts disclosed by plaintiff's own case showed an attempt to enforce an agreement,

not executed as required by law. Under such circumstances, the defense now insisted on was properly asserted, and the objection made cannot be sustained: New-Products Co. v. Refining Co., 275 Pa. 332; Sloan v. Miller, 275 Pa. 452; Rittenhouse v. Exeter Machine Works, 283 Pa. 304; Guppy v. Moltrup, 281 Pa. 343; Sherman v. Welsh, 87 Pa. Superior Ct. 282.

It was suggested by defendant that the contract to indemnify, under consideration, was ultra vires, and for this reason could not be enforced (Gilchrist's Case, 278 Fed. 235; Culver v. Reno Real Estate Co., 91 Pa. 367), particularly in view of the fact that the directors of both old and new corporations were practically the same, plaintiff being one of them, and that the transaction was presumptively fraudulent, as held when this same resolution was before this court in another proceeding (Pennsylvania Knitting Mills v. Bayard, 287 Pa. 216), there having been no ratification of the action of the directors by the stockholders, a fact which did appear in Kendall v. Klapperthal, supra, relied on by appellant. In view, however, of our conclusion that the statute of frauds was an effectual bar to the enforcement of the claim here made, the soundness of this defense need not be discussed.

The judgment is affirmed.